| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**16 A & B Blacksmith Road, Wells, ME 04090** |
| **Diane E. Kelley and Lance A. Kelley** | **Mortgage:**<br>**May 10, 2007**<br>**Book 15159, Page 397**<br>**York County Registry of Deeds** |
| **Defendants** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Diane E. Kelley and Lance A. Kelley, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants, Lance A. Kelley and Diane E. Kelley, are the obligor and the total amount owed under the terms of the Note as of October 15, 2021 is Seven Hundred Thirty-Five Thousand Seven Hundred Seventy-Five and

16/100 ($735,775.16) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 5600 Granite Parkway, Plano, TX 75024.

5. The Defendant, Diane E. Kelley, is a resident of Wakefield, County of Middlesex County and Commonwealth of Massachusetts.

6. The Defendant, Lance A. Kelley, is a resident of Wakefield, County of Middlesex County and Commonwealth of Massachusetts.

## FACTS

7. On October 12, 2005, by virtue of a Warranty Deed from William F. Haley, which is recorded in the York County Registry of Deeds in **Book 14635, Page 403**, the property situated at 16 A & B Blacksmith Road, City/Town of Wells, County of York, and State of Maine, was conveyed to Lance A. Kelley and Diane E. Kelley, being more particularly described by the attached Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On May 10, 2007, Defendants, Lance A. Kelley and Diane E. Kelley, executed and delivered to Countrywide Home Loans, Inc. a certain Note under seal in the amount of $400,000.00. Defendants, Diane E. Kelley and Lance A. Kelley's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See*

Exhibit B (a true and correct copy of the Lost Note Affidavits and Note is attached hereto and incorporated herein).

9. The aforesaid Lost Note Affidavits were executed by Seterus, Inc. and the custodian of documents for the Federal National Mortgage Association and therefore can be enforced by the Federal National Mortgage Association and by its' agent Nationstar Mortgage, LLC d/b/a Mr. Cooper.

10. To secure said Note, on May 10, 2007, Defendants, Diane E. Kelley and Lance A. Kelley executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., securing the property located at 16 A & B Blacksmith Road, Wells, ME 04090 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15159**, **Page 397**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated October 1, 2011 and recorded in the York County Registry of Deeds in **Book 16182**, **Page 512**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Bank of America, N.A. as successor-by-merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated November 7, 2011 and recorded in the York County Registry of Deeds in **Book 16206**, **Page 382**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 27, 2015 and recorded in the York County Registry of

Deeds in **Book 17015**, **Page 222**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated April 24, 2018 and recorded in the York County Registry of Deeds in **Book 17705**, **Page 736**.  *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On August 13, 2021, the Defendants, Diane E. Kelley and Lance A. Kelley, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Diane E. Kelley and Lance A. Kelley, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit H.

17. The Defendants, Diane E. Kelley and Lance A. Kelley, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, Federal National Mortgage Association, is the present holder of the Lost Note Affidavits pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. The total debt owed (as affected by the debtors' discharge in bankruptcy) under the Note and Mortgage as of October 15, 2021 is Seven Hundred Thirty-Five Thousand Seven Hundred Seventy-Five and 16/100 ($735,775.16) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $400,000.00 |
| Interest | $234,716.88 |
| Escrow Advance | $91,774.59 |
| Lender Paid Expenses | $7,999.25 |
| Deferred Late Fees | $1,284.44 |
| Grand Total | $735,775.16 |

22. Upon information and belief, the Defendants, Diane E. Kelley and Lance A. Kelley, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 16 A & B Blacksmith Road, Wells, County of York, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Federal National Mortgage Association, is the holder of the Lost Note Affidavits referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Diane E. Kelley and Lance A. Kelley, are presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2011, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage (as affected by the debtors' discharge in bankruptcy) as of October 15, 2021 is Seven Hundred Thirty-Five Thousand Seven Hundred Seventy-Five and 16/100 ($735,775.16) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $400,000.00 |
| Interest | $234,716.88 |
| Escrow Advance | $91,774.59 |
| Lender Paid Expenses | $7,999.25 |
| Deferred Late Fees | $1,284.44 |
| Grand Total | $735,775.16 |

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants, Diane E. Kelley and Lance A. Kelley's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Diane E. Kelley and Lance A. Kelley's discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendants, Diane E. Kelley and Lance A. Kelley, but only seeks *in rem* judgment against the property.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Diane E. Kelley and Lance A. Kelley, on August 13, 2021, evidenced by the Certificate of Mailing. *See* Exhibit H.

32. The Defendants, Diane E. Kelley and Lance A. Kelley, are not in the Military as evidenced by the attached Exhibit I.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendants, Diane E. Kelley and Lance A. Kelley's discharge in bankruptcy, and accordingly, this action does not seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Lance A. Kelley and Diane E. Kelley, are in breach of the Note by failing to make payment due as of July 1, 2011, and all subsequent payments, however, as affected by Defendants, Diane E. Kelley and Lance A. Kelley's discharge in bankruptcy, this action does not seek any personal liability on the part of the Defendants, Diane E. Kelley and Lance A. Kelley, but only seeks *in rem* judgment against the property;

d) Find that the Defendants, Diane E. Kelley and Lance A. Kelley, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of the Defendants, Diane E. Kelley and Lance A. Kelley, and the original lender, Countrywide Home Loans, Inc., on May 10, 2007 to create a mortgage on the property commonly known as and numbered as 16 A & B Blacksmith Road, Wells, ME 04090;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendants, Diane E. Kelley and Lance A. Kelley, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in*

*rem* against the property commonly known as and numbered as 16 A & B Blacksmith Road, Wells, ME 04090;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: November 3, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com