U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2022 FEB 24 P 12: 02

DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FEDERAL NATIONAL
MORTGAGE ASSOCIATION

CIVIL ACTION NO: 2:21-cv-00314-JAW

Plaintiff,

V

DIANE E. KELLEY AND
LANCE A. KELLEY

Defendants

## DEFENDANT'S DIANE AND LANCE KELLEY'S MOTION TO DISMISS FEDERAL NATIONAL MORTGAGE ASSOCIATION'S ABOVE CAPTION COMPLAINT FOR FORECLOSURE AND, MOTION FOR THE UNITED STATE DISTRICT COURT TO RECUSE ITSELF FROM THIS ACTION
### (Memorandum of Law Incorporated)

Now comes Diane E. Kelley and Lance A. Kelley, hereinafter ("Defendant"(s)), and

moves this Honorable Court pursuant to F.R.Civ.P. Rule 12(b)(1)(3)(6)(7) to dismiss this

harassing, vexing, and outrageous action brought in the name of Federal National Mortgage

Association (Plaintiff) and moves the Court to disqualify itself from this action pursuant to 28

USC § 455 (a)(b). Attorney Reneau Longoria (Longoria) fraudulently brought this action as

forum shopping, and with knowledge of the fraud and material falsity of the statement of facts by

Longoria, of Doonan, Graves, and Longoria, a foreclosure slaughterhouse, notorious in all of

New England, sanctioned in Maine for previous improper behavior. [1] Longoria has set in motion,

a scheme to deceive and mislead this Court and the Defendants and has omitted statements of

facts pertinent to this action; *inter alia*, a prior foreclosure action that was dismissed, and

Longoria has deliberately omitted this fact from Her statement of Facts in Her Foreclosure

---

[1] See *Bank of America, NA v. Greenleaf*, 96 A.3d 700, 703, 2014 M.E. 89 (Me. 2014)

Complaint and has intentionally failed to name the trust that this loan was included, the owner of the Note and Mortgage at issue. All MERS mortgages were securitized and this is a MERS mortgage.

Indeed, this Court lacks Subject Matter Jurisdiction pursuant to Article III, as there is no case in controversy and Fannie Mae lacks standing to bring this action, and has failed to state a claim upon which relief may be granted, as they do not own the Note and Mortgage at issue, nor can it, as there was a broken chain of title in the Note and Mortgage before an assignment to Fannie Mae.

Indeed, the MERS Assignment of Mortgage (AOM) dated October 1, 2011, is invalid on its face, is ineffectual, does not transfer Countrywide's ownership interest and the AOM contains language prohibited by MERS itself, and is void. No subsequent transferee has any rights whatsoever. See Blacks Law, Chain of Title.

The Note and Mortgage were included in some REMIC trust, where the fractional certificate-holders are the owner of said contracts, albeit without assignment or lawful transfer to them. The Trust and certificate-holders were intentionally concealed from the caption of this case and not named as a party.

The claimed Plaintiff is not a real party in interest and at most, only represents an unnamed trust and the certificate-holders, and this matter should be dismissed forthwith for failure to name the indispensable parties in this foreclosure action (Note and Mortgage Owner) according to F.R.Civ.P. Rule 12(b)(7) and Rule 17 and 19. The Note and Mortgage owners (mortgagee) are the real party in interest and only a Mortgagee can foreclose a mortgage or its authorized representative. Fannie Mae has not produced any evidence that they are a trustee of an

express trust or that a trust exists and the Defendants have no contractual obligation to the Plaintiff.

## I.     INTRODUCTION

This Action is another attempt by Bankster Lawyers to glean a profit when not entitled to one. Longoria is attempting to glean a profit at the expense of **two elderly citizens** in their seventies and Lance Kelley just turned 75-years old on Feb. 14, 2022, and Longoria should be sanctioned *sua sponte* for her treacherous actions and for failing to uphold the integrity of the judiciary.

The Plaintiff is not a Real Party In-Interest, the Statute of Limitations, and Res Judicata and **prior fraud** bars this action. Additionally, this court and all federal courts must disqualify itself from this matter according to 28 USC § 455 (a)(b) *inter alia*, because this matter concerns a GSE or privately securitized mortgage, and the Federal Pension Plan is steeped as of year-end December 2021, 29.4% in mortgage-backed securities, however, on average 33%. Indeed, as of January 2022, the Court owns 32.8 % equity in financial institutions.[2] See Thrift Savings Plan (TSP), F-fund https://www.tsp.gov/funds-individual/f-fund/?tab=composition, C-Fund https://www.tsp.gov/funds-individual/c-fund/?tab=composition, and S-Fund https://www.tsp.gov/funds-individual/s-fund/?tab=composition, of the Federal Employees Retirement System (FERS) and is 49.25% of the retirement plan according to the Lifecycle, L 2025 | Thrift Savings Plan (tsp.gov).  This has the public appearance of impartiality and an

---

[2] Canon 3 (c) requires disqualification of a judge in any proceeding in which the judge has a financial interest, however small. "financial interest" means ownership of a legal or equitable interest, however small, ….: ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities; a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest.

inherent bias. The federal docket correlates with these numbers and the appearance of impartiality as the Court finds for the Banksters, *ad nauseum*.

No Federal Court can preside over a state court housing matter where it involves a securitized mortgage or financial institution in which it owns equity. The Court has a direct stake (financial interest) in the outcome of the case and any adverse ruling against the Plaintiff would adversely affect a federal Judge's pension and their future retirement, especially as it relates to the systemic failure to transfer the Notes and Mortgages to these bogus trusts, before issuing mortgage-backed securities[3], which is tantamount to securities fraud as all statements made under oath to the United States Securities and Exchange Commission are materially false relating to the mandated transfer statements. A matter for another time.

With all due respect, the Court is mandated to disqualify itself from this action. The issue raised here was not included but should have been, in the September 2021, Wall Street Journal Article, that Chief Justice Roberts, SCOTUS, addressed in his Year-end Report, beginning on page 3, on the Federal Judiciary, and agreed that the failure of federal Judges not recusing themselves when required was a serious breach of ethics. **"Let me be crystal clear: the judiciary takes this matter seriously. We expect judges to adhere to the highest standards, and those judges violated an ethical rule"**. P. 3 of the Report.

https://www.supremecourt.gov/publicinfo/year-end/2021year-endreport.pdf

The majority of people are unaware of the pension issue, and that no federal Judge can sit on these state court matters of housing when it involves a securitized mortgage, whether GSE or otherwise; the effect would be the same. Moreover, 49% of the Plan is tied into the financial industry. Thus, the Federal Courts protect the financial industry to protect themselves. This is the

---

[3] FERS is a retirement plan that provides benefits from three different sources: a Basic Benefit Plan, Social Security and the Thrift Savings Plan (TSP). The TSP part of FERS is an account that your agency automatically sets up for all judges.

4

appearance and seems to be a fact, with all due respect. Moreover, the federal docket demonstrates that the federal courts nationwide dismiss homeowner cases or find for the banks' *ad nauseum*.

This is a matter of equity and those that come to the table of equity to eat must come with **Clean Hands** and, the Plaintiff and its lawyers come to this table of equity with **dirty rotten filthy hands,** and under the **Doctrine of Clean Hands** are entitled to nothing in equity as this Court shall see.

Lastly, the Statute of Limitations and *Res Judicata* prevents the enforcement of the Note and Mortgage at issue. The Note accelerated more than six years ago, and the time for enforcing the Note has long since passed, and a previous foreclosure matter filed in 2011, by Bank of America (BOA), prevents the relitigation on the Property and Home at issue by them or their privies: Issue and Claim preclusion bar the instant action and Longoria knows these facts. She should be sanctioned *sua sponte* for her treachery and apparent fraud upon the Court.

Robert P. Marley (Mr. Marley) is a friend of the Defendants and on August 7, 2012, the parties entered into a Durable Power of Attorney so that Mr. Marley could assist and protect them. See Power attached herewith marked as **Exhibit A.** Mr. Marley assists the elderly and single mothers with children who cannot afford legal fees in foreclosure matters and the theft of their homes from those with no rights or title to said homes.

The State of Maine provides that an Attorney-in-Fact may address the Court on behalf of the Principals. See Title 18-C § 5-934 and § 5-942. Mr. Marley has appeared in Court and argued on behalf of the Defendants regarding the **previous foreclosure complaint**.

A foreclosure action concerning the property at issue was brought in State Court on April 9, 2012, and was subsequently dismissed by the Banksters, BOA, and their lawyers as they got

5

caught **red-handed** altering and forging an endorsement on the then Existing Promissory Note (Note), and the chain of title for the Note, and failed to produce any assignments of mortgage.

Indeed, Longoria has filed with this Court, a Lost Note Affidavit. No Lost Note Affidavit was submitted in the 2012 foreclosure action filed by BOA but a forged Note was filed with the Court. Thus, to overcome the initial fraud and forgery, albeit, without naming a trust in the instant action, which the many Lawyers have concealed from the beginning, Longoria is now attempting to alleviate the Note and its chain of title altogether: how convenient.

It was admitted by the Florida Banking Association that in 2002, Banks began to destroy all the Notes and Mortgage because the Banksters did not want to pay to store all the wet ink originals and destroying a promissory note intentionally is a federal crime as the Note has the same protection as a one hundred dollar bill. This was disclosed because of all the Lost Note Affidavits filed in Florida. The Florida Banking Association Affidavit available to the Court if necessary.

> "The reason "many firms file lost note counts as a standard alternative pleading in the complaint" is because <u>the physical document was deliberately eliminated</u> (e.s.) to avoid confusion immediately upon its conversion to an electronic file. Electronic storage is almost universally acknowledged as safer, more efficient and less expensive than maintaining the originals in hard copy, which bears the concomitant costs of physical indexing, archiving and maintaining security. **It is a standard in the industry** (e.s.) and becoming the benchmark of modern efficiency across the spectrum of commerce— including the court system." (Affidavit filed in this case) *State Street Bank and Trust Co. v. Lord*, 851 So. 2d 790 (Fla. Dist. Ct. App. 2003).

Without the Note, they cannot foreclose and they should be criminally charge for destroying the Note Contract and then counterfeiting one, under 18 U.S.C. § 333, 18 U.S.C. § 513, and 18 U.S.C. Chapter 47 - FRAUD AND FALSE STATEMENTS, inter alia, for intentionally destroying the Note as that is a crime and then lying about the destroyed Note to

this Honorable Court. There are no endorsements on the Note and without endorsements; no transferee has any rights whatsoever.

Longoria should be sanctioned *sua sponte* for her conduct in this matter and referred to the Maine Board of Bar Overseers for suspension as she has submitted the counterfeit and forged Promissory Note to this Court and should be barred from practice in all federal courts.

Nothing that Longoria does or says will negate the earlier fraud committed upon the State Court and the Defendants or the bar by the Statute of Limitations and Res Judicata. Longoria brought this case to federal court because the federal Courts do not care about such fraud and to bring it back in state court, she might wind up in prison. See Letter from Mr. Marley to Longoria warning her not to bring an action, attached herewith marked as **Exhibit B**.

Longoria is fraudulently attempting to raise this loan from the dead for profit and her arrogance prohibited her from adhering to Mr. Marley's warnings. This action is barred and Longoria knows that, or should, as an attorney who does nothing but dispossesses citizens from their homes daily. This is Longoria's area of law and she specializes in foreclosures all over New England and is mandated to know the law in which she practices under the Code of Conduct. Latches also bar this action as the purported Plaintiff has sat on their purported rights for 7-years since the first dismissal in 2015.

The Mortgage is merely security for the Note and an incident to the Note. No Note, no Mortgage to enforce. The Note was accelerated in 2011, by Notice, then by a lawsuit on April 9, 2012, and then as a matter of the bankruptcy code, on January 14, 2014—the Petition dated for a chapter 7 bankruptcy the Defendants filed—in which the Banks failed to appear to bring any claims they may have had and those claims are waived. Once a Petition is filed all debt is accelerated and the only way for the banks to deaccelerate the acceleration was to modify the

loan and they did not. Only a new contract would deaccelerate the acceleration and post-bankruptcy, certain steps were required by the banks, and those steps were not taken. Further, the last loan payment was on June 10, 2011, and therefore, the ten-year bar also applies. However, there was no default at any time, as the Defendants exercised their rights under the law, and without dishonor (default) refused payment when BOA refused to produce the Note with all required endorsements and proof of authority to act on behalf of the Note Owner when they demanded payment.

See Maine Uniform Commercial Code 11 § 3-1501(1)(2)(b)(c) (**Without dishonoring the instrument**, the party to whom presentment is made **may**: (i) Return the instrument for **lack of a necessary indorsement**; or (ii) **Refuse payment** or acceptance for failure of the presentment to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule). (emphasis added)

There were no endorsements on the Note when Blank Rome LLP, responded on behalf of BOA to the Defendants demand to produce the Note with all endorsements, and Blank Rome LLP provided no proof of ownership to act as a representative for BOA or BOA's authority to act on behalf of the Note Owner to collect the debt or any redemption the Defendants might have paid.

Indeed, there was never a reason to foreclose under the law, and BOA and its lawyers have been undone by their skulduggery. Even now, Longoria lies to the Court and claims there was a default when there was not. **Again, Longoria should be sanctioned** *sua sponte*.

BOA's basis for foreclosure in 2012 was a default, and no other reason was claimed then or now and there has never been a default on any loan payment that was due, and more importantly, BOA never complied with the law and no entity has to date.

Longoria's position is that the Defendants defaulted when the truth is, that BOA failed to adhere to the law as they always do because they believe they are above the law and why not, the Courts let them get away with murder. The Banksters murdered the global economy in 2008 with their toxic waste, fraudulent, predatory loans with impunity, and all the suicides in the face of unlawful foreclosures nationwide, lay at the feet of the Banksters and again condoned by the Courts.

## II.    SALIENT FACTS OF THIS MATTER

The Defendants have no contractual relationship with Plaintiff. The Defendants did not enter into any contract with Fannie Mae at any time.

Contrary to Longoria's statement of facts, On October 10, not the 12th, 2005, the Defendants were induced by fraud by Countrywide Home Loans, Inc. (Countrywide), into executing their signatures on a predatory teaser rate toxic Mortgage contract and One Year LIBOR Rate Note contract for $400,000.00, which was further toxified and made predacious by the criminal manipulation of the LIBOR Index [4] that caused the mortgage payments on the predatory Note to soar into the stratosphere, leaving the Defendants no ability to pay the increased teaser rate loan payments, nor the ability to pay the payment when the payment reset at the fully indexed rate upon the expiration of the teaser rate. And BOA failed to adhere to their

---

[4] **Two Former Deutsche Bank Traders Convicted for Role in Scheme to Manipulate a Critical Global Benchmark Interest Rate** https://www.justice.gov/opa/pr/two-former-deutsche-bank-traders-convicted-role-scheme-manipulate-critical-global-benchmark

**Banks Rigged Libor To Inflate Adjustable-Rate Mortgages: Lawsuit** https://www.forbes.com/sites/halahtouryalai/2012/10/15/banks-rigged-libor-to-inflate-adjustable-rate-mortgages-lawsuit/?sh=d9982f2a85b2
**A class action lawsuit brought by lead plaintiffs from Alabama was filed today in New York accusing big banks like Bank Of America, Citigroup, Barclays, UBS, JPMorgan Chase, Deutsche Bank and others of fraud. According to lawsuit, for at least 10 years between 2000 and 2009 the banks conspired to falsely increase the Libor on the first day of each month for the purpose of increasing the rates on homeowners mortgages.**

bargain with the government for their bailout to modify their toxic garbage. Nothing was preventing the banks from issuing systemically healthy loans for the borrowers and investors, now was there? No there was not and greed ruled the day.

Thus, based on the nationwide notoriety of Countrywide's Mortgage Fraud[5], the *Kemp*[6] case where it was stated under oath by Linda DeMartini, in-house counsel for foreclosures that Countrywide never endorsed a single Note and the Notes and Mortgage were never delivered to any party much less the trusts, and the difficulty the Defendants were having paying the loan payments, in early 2011, the Defendants sent a Qualified Written Request under RESPA, and a Debt Validation Letter under the FDCPA, to Bank of America (BOA), demanding proof of who was entitled to payment on the Note, and BOA's authority to act so they could apply for a modification under the Home Affordability Modification Program (HAMP), that became effective in April of 2009 under the Emergency Stabilization Act; subsequently, the deception and fraud began, and no modification was forthcoming and BOA refused to produce the Note with all endorsements and proof of their authority to act on behalf of the Note owner.

Under the Law, Maine Uniform Commercial Code 11 § 3-1501(1)(2)(b)(c), the Defendants stop payment **without dishonor (default)** as provided under the law until BOA complied with the Law and they never did nor did any other entity.

After the Defendants' sent their demand for proof, BOA sent to the Defendants a Notice of Intent to Foreclose and Notice of Acceleration. In addition, On October 1, 2011, BOA set out to create a material false chain of title in the Assignments of Mortgage by falsely creating a

---

[5] **Angelo Mozilo and his doomed mortgage machine "The borrowers did not understand the risks involved with the mortgages. And Countrywide did not tell them," said Patricia McCoy, a professor at Boston College who studied Countrywide as part of a book she co-wrote called "The Subprime Virus."** https://money.cnn.com/2018/06/06/news/companies/angelo-mozilo-countrywide-2008/index.html

[6] *In re Kemp*, **440 B.R. 624 (Bankr. D.N.J. 2010)**

facially invalid Assignment of Mortgage, created by Corelogic a document fabrication corporation, under the name of MERS. See Plaintiff's Exhibit Page ID on docket # 49. Then see Defendant's Exhibit F, MERS Assignment Checklist. All those creating MERS assignments are required to have this Exhibit. The Assignment does not comply with the Checklist or MERS rules and is invalid on its face and void. MERS had no authority to assign any rights of interest in the Note and Mortgage and therefore, all subsequent assignments are nullities and void.

On October 25, 2011, Mr. Marley prepared a letter for Application of Relief under the HAMP and the Defendants sent it to BOA. See the Letter attached herewith marked as **Exhibit C**.

No modification was forthcoming as BOA was incentivizing its agents and employees with cash bonuses of $500.00 and gift cards to place borrowers into foreclosure instead of modifications. See MDL District Court of Massachusetts before the Honorable Judge Zobel and the Declarations filed in that case by the agents and employees. *IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM CONTRACT LITIGATION*, MDL No. 10-2193-RWZ (D. Mass. Sept. 4, 2013)

On January 6, 2012, Mr. Marley sent a Letter to BOA and the lawyers purportedly representing BOA demanding certified copies of the Note with a supporting affidavit as to its validity and a single point of contact and request for a stay of the foreclosure proceeding. No one complied. See the Letter attached herewith marked as **Exhibit D**. Mr. Marley also demanded to view the wet ink Note and Mortgage to inspect them for fraud.

Blank Rome responded with a counterfeit copy of the Note, claiming it was a true and correct copy and no affidavit was attached. There were [n]o endorsements on the Counterfeit Promissory Note. See Note and Blank Rome cover letter attached herewith marked as **Exhibit E**.

The Court will notice that Blank Rome stated that Fannie Mae was the owner of the Note and mortgage; however, there was never an assignment to Fannie Mae until 2015, approximately 10-years after the Trust funded and closed contrary to statements made under oath to the United States Securities and Exchange Commission (SEC) and the was never a lawful transfer of the Note to Fannie Mae and more importantly, Fannie Mae will have to prove it paid for the Note and when, pursuant to §9-1203 (2)(a)(b)(c) of the Maine UCC .

The Note still has no endorsements, [s]ignifying [n]o transfer to another party. See Longoria's attached counterfeit Note at Page ID # 20 on the docket; although the rubber-stamp is illegible, Mr. Marley is very familiar with that bogus rubber-stamp as tens of thousands of unauthorized stamps were placed on tens of thousands of Notes without authority from **Michelle Sjolander,** and she never oversaw the use of her stamp as her deposition states. Her endorsement appears on untold thousands of promissory notes all across this country. Her "endorsement" is the key element used to take Americans out of their homes, and a deposition of hers makes it very clear that she never used her stamp nor gave anyone authority to use her stamp and she never signed any promissory notes.

When the rubber stamp was placed on that counterfeit Note it was done so without authority as already testified to by the notorious **Michelle Sjolander. Other than that bogus stamp, there are no transfer endorsements even after they created all the bogus AOM's down to Fannie Mae. There are no valid AOM's in the record nor has Longoria produced any. There is no evidence of transfer of ownership in the Note nor has Longoria produced any.**

In violation of HAMP Guidelines, on April 9, 2012, the lawyers for BOA filed a complaint to foreclose in the York Maine District Court. Mr. Marley responded to the Complaint

and subsequently a mediation hearing was held. At the hearing, the issue of the two different Notes was addressed by Mr. Marley, and the mediation was halted and the case stalled dead in its tracks. BOA ultimately filed for a Motion to Dismiss. That was a ploy and they should not be allowed to get away with that ploy. Longoria is now attempting to circumvent the earlier fraud and forgery of the Note by submitting a Lost Note Affidavit.

Before the hearing on mediation, Mr. Marley addressed the Court and asked the Court if BOA was required to proceed honestly and forthright at the hearing. The Court assured Mr. Marley that they were and would, and if not, serious sanctions would be meted out.

On January 30, 2012, Shechtman, Halperin, Savage, LLP advised all parties by letter that they took over and they were representing BOA; Mr. Marley then made the same request of them and the same demands and requested they verify the debt.

On March 5, 2012, the law firm of Shechtman responded and sent another true and correct copy of the Note; however, this time, there was a rubber-stamped undated endorsement on the Note that was not their 3-months prior. See Shapiro Letter and attached Note attached herewith marked as **Exhibit F**.

The Defendants filed for Chapter 7 bankruptcy protection in January of 2014, and discharge and permanent injunction issued on May 19, 2014.

On February 24, 2015, the York District Court granted BOA's Motion to Dismiss. Mr. Marley was not present for that hearing and that dismissal should have been with prejudice as the law required. BOA pulled a fast one because Mr. Marley was unavailable. The dismissal should have been with prejudice for violation of Maine foreclosure statutes and the failure to strictly follow them. Thus, Longoria has arrived on the scene and is now perpetuating the same violations and fraud. Latches should also be applied to this matter as the purported mortgagee

has sat on their rights for 7-years since the dismissal. This action should be dismissed with prejudice.

## III.    ARGUMENT

### A.  Lack of Standing and Lack of Subject Matter Jurisdiction under Article III

All of the above facts, allegations, and claims are incorporated hereat. For two evident reasons, Plaintiff lacks standing as a real party in interest to bring the above-captioned matter before this Court as forum shopping.

On October 1, 2011, an unauthorized, invalid, ineffectual, and void assignment of mortgage (AOM) was fraudulently created and falsely made by Corelogic. Corelogic is a document creation company much like LPX DocX.[7]

It was a MERS AOM to BOA. The AOM is invalid on its face and contains the wrong address for MERS, and contains prohibited language prohibited by MERS themselves. See Plaintiff's Exhibit D, then See, **the MERS Assignment Checklist** attached herewith marked as Defendants **Exhibit G.** The assignment also attempted to unlawfully transfer the Note, which MERS cannot do as that action is also a prohibited act by MERS itself. MERS transferred its beneficial interest and MERS has no interest, beneficially or otherwise. The assignment was not from Countrywide or on behalf of Countrywide and MERS omitted Countywide from the language of the transfer.

In *Bank of Am., N.A. v. Greenleaf*, 96 A.3d 700, 711–12 (Me. 2014) the Law Court ruled that in order for a foreclosing party to have standing, it must demonstrate its possession of the note and ownership of the mortgage, 96 A.3d at 706. The Law Court further held that the

---

[7] **Former Executive at Florida-Based Lender Processing Services Inc. Admits Role in Mortgage-Related Document Fraud Scheme Over 1 Million Documents Prepared and Filed with Forged and False Signatures, Fraudulent Notarizations. https://www.justice.gov/opa/pr/former-executive-florida-based-lender-processing-services-inc-admits-role-mortgage-related**

plaintiff bank lacked standing to seek foreclosure on a mortgage and accompanying promissory note because it had acquired its interest in the mortgage from MERS—a nominee that possessed no interest in the mortgage other than the right to record it under the language of the mortgage at issue in Greenleaf, 96 A.3d at 707. Thus, the subsequent assignments by MERS, ultimately to the foreclosing party Bank of America, assigned only that limited right to record, and nothing more. Id.

The assignment at issue in the instant matter was created October 1, 2011, the AOM was from MERS to BOA and transferred no rights or title, thereby creating a break in the chain of title and no subsequent transferee has any rights whatsoever. Therefore, the Defendants will not give credence to the other bogus assignments especially the one to Fannie Mae 11-years after the loan was funded and whatever trust this purported loan was included, which the Plaintiffs and its **Lawyers** have concealed from the beginning.

Fannie Mae does not own the Note and Mortgage at issue nor can they, as there was a broken chain of title before the assignment to Fannie Mae.

The BNY Mellon and Seterus Missing Note Affidavits are bogus and material false as demonstrated above, moreover, there is no power of authority in evidence for any party to create an affidavit, and the affidavit lacks sufficient factual information to give it any credence. Notwithstanding, Longoria misleads the Court by stating at ¶ 9 of her complaint that Seterus executed the affidavit; clearly, a lie as one of the affidavits was executed by, Lisa Jayjohn, of BNY Mellon, and she claims to be the custodian with power and authority, but no such evidence is in evidence. Furthermore, the Affidavit is a game of wackamo, you pick one of the multiple-choice options. An Affidavit must be based on firsthand personal knowledge of the facts stated therein and Jayjohn has no clue as to what transpired with the Note or even if it is truly lost, who

15

had the Note when it was lost, or on what date, and who previously and subsequently held the Note. The same with the Seterus Affidavit, which is even more lacking in facts. The Affidavit was executed in 2016, well after the first action and after dismissal. The most glaring problem is that BNY Mellon is the largest Trustee for these REMIC Trusts and because they are involved, there is a trust in which this predatory loan was included, yet concealed from this Court and the Defendants by Longoria: an officer of the Court, if that is what you would call her.

This purported loan was securitized and the trust is not named as a party nor are there any assignments or transfers to it. The Trust and certificate-holders would be the Mortgagee, the owner of the Note and Mortgage if there were an assignment to them, not Fannie Mae being used as a shell to cloth this scheme under their umbrella. That is why Longoria has concealed the trust as a party and she should be sanctioned for lying to and misleading this Court.

Second, there was a previous foreclosure action brought by BOA and the foreclosure statutes were not strictly adhered to, and the dismissal of that action granted all rights and title to the Defendants.

In *Chase Home Finance LLC v. Higgins*, 985 A.2d 508, 510–11 (Me. 2009), the Law Court listed the elements necessary for a plaintiff to prove in order to obtain a foreclosure judgment, and one of those elements was properly presented proof of **ownership of the mortgage note and the mortgage, including all assignments** and **endorsements of the note and the mortgage** (Me. Rev. Stat. tit. 14, § 6321) in 2011 or 2012. The Defendants demanded that proof and were not granted or provided that proof and neither was the Court, or the Mediation Department of the York County District Court in 2012. The 2015 dismissal should have been with prejudice according to the law, however, was without prejudice as BOA's Lawyers pulled a fast one and the Court allowed it.

There was no breach of condition in the mortgage (Me. Rev. Stat. tit. 14, § 6322) and BOA failed to comply with the mediation requirements in 2012. After January 1, 2010, there must be proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules (Me. Rev. Stat. tit. 14, § 6321-A). No such proof has been offered by Longoria nor can any be forthcoming as it does not exist and the Defendants were not going to play into Longoria's fraudulent ploy to raise this loan from the dead. Not one Notice sent to the Defendants after 2015 is valid or effective. The Notices were a sham to revive this loan.

The Foreclosure action of 2012 controls this matter and not the magically conjured up fraud from Longoria. All prior Notices were ineffectual and materially false as was any Notice of Default.

Strict compliance with Maine Foreclosure Statutes is required; the consequences for failing to comply are nothing less than draconian. Failure to send a notice of default compliant with Section 6111 results in a dismissal of the foreclosure action on the merits. The dismissal is therefore a valid final judgment for purposes of res judicata, precluding the mortgagee from later asserting any rights to the property. In those circumstances, the "note and mortgage are unenforceable and [the mortgagors] hold title to their property free and clear of the Bank's mortgage encumbrance." *Pushard v. Bank of Am., N.A.*, 175 A.3d 103, 115–16 (Me. 2017) (citing *Fannie Mae v. Deschaine*, 170 A.3d 230, 236 (Me. 2017), as revised (Dec. 7, 2017)). In other words, even a de minimis error in the notice of default results in a bar to any further proceedings and the Defendants in this action own their home free and clear of the Banksters.

BOA brought their foreclosure action and **got caught red-handed** committing fraud and

forgery and if a trial was held would have lost and worse because the Maine Courts do not take kindly at being made fools.

Thus, BOA's lawyers filed for dismissal and that dismissal should have been with prejudice as BOA could not have succeeded on their fraudulent quest, as they well knew, especially after mediation in which Mr. Marley addressed the two Notes, one with an endorsement and one without and the lack of lawful transfer in the Note and Mortgage Contracts. The Defendants did not know that they could have objected to that MTD and had a hearing on the merits and as a result, BOA's lawyers got away with this underhanded tactic and will now argue they have another bite at the apple. This is not justice. BOA and its lawyers violated every foreclosure statute including the Notice provisions and as a matter of law, that dismissal should have been with prejudice as no notices should have been issued, as there was never a default, as falsely claimed by the Lawyers for BOA. The 2012 Foreclosure action was a ploy to stop the Defendant's investigation into the chain of title and Fannie Mae is in no better position than BOA was in 2012.

### B. The Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted

All of the above facts, allegations, and claims are incorporated hereat.

Indeed, Fannie Mae, the Plaintiff in the above-captioned matter is not the owner of the Note and Mortgage and is at best the representative of some trust. Longoria has intentionally omitted the name of the Trust and the certificate-holders who would be the beneficial owners of the Note and Mortgage. "Fannie Mae intends to set aside and transfer residential mortgage loans acquired by it to various Trusts established pursuant to this Trust Agreement and the related Issue Supplements and to **issue guaranteed mortgage pass-through certificates representing undivided**

**beneficial ownership interests in the assets of the related Trusts."[8]** (emphasis added) Second

Amended and Restated 2016 Single-Family Master Trust Agreement (fanniemae.com) 2021

https://capitalmarkets.fanniemae.com/media/20531/display

Notwithstanding, this was a Countrywide loan and most all Countrywide loans were securitized

and all MERS Mortgages were securitized and BNY Mellon was always the trustee for the

Countrywide loans.  Another statement from Fannie:

### REMIC Trust Agreements

(Each of Fannie Mae's Structured Transactions is created as a trust and is governed by a
trust agreement. Trust agreements are the documents pursuant to which the Fannie Mae
certificates are issued. The assets backing the certificates are held in the trust. Trust
agreements outline the rights and responsibilities of Fannie Mae and of the mortgage
certificateholders in relation to the trust. These agreements define the terms of each deal
and describe how the deal will be executed and the deal's parameters or limitations.

For certain REMICs and Structured Transactions, each trust is governed by a separate
trust agreement relating solely to the particular transaction. For the remaining REMICs
and Structured Transactions, each trust is governed by a master trust agreement together
with a separate loan supplement relating solely to the particular transaction.) REMIC
Trust Agreements | Fannie Mae https://capitalmarkets.fanniemae.com/mortgage-backed-
securities/remic-trust-agreements

Fannie Mae represents the fractional beneficial owners of the Notes and Mortgages that

have been securitized and those parties have been intentionally omitted from this action, and as

such, this action must be dismissed for failure to state a claim upon which relief may be granted

since Fannie Mae is not the owner of the Note and Mortgage at issue in the instant matter and

does not state who they represent or what trust, and because Longoria has concealed this

information she should be sanctioned for misleading the Court and the Defendants whereas,

---

[8] Effective January 1, 2021, Fannie Mae executed a new Second Amended and Restated 2016 Single-
Family Master Trust Agreement that is used for both fixed-rate and ARM single-family pools with issue
dates on or after June 1, 2016. This document amends the May 1, 2018 Amended and Restated 2016
Single-Family Master Trust Agreement to clarify certain loan disposition events in alignment with our
current Servicing Guide policies.

without the true indispensable parties, no adequate defense can be made by the Defendants nor could proper discovery be requested. Therefore, for misleading this Court and the Defendants, and not naming the real parties in interest, this action should be dismissed with prejudice.

### C. This Honorable Court Must Disqualify Itself From This Action

All of the above facts, allegations, and claims are incorporated hereat. It matters not whether a federal judge would or would not prejudice a party before the court, it is the appearance that is the controlling substantive issue. based on the above there exists a glaring appearance of impartiality when it concerns a securitized mortgage or a financial institution. The Federal Pension Plan makes it clear that there is a serious conflict for all federal Judges. After all, we are all human and it is instinctive in every person to protect himself or herself and to preserve their status quo.

The Defendants are troubled by the federal docket and all the case law against homeowners, some options are very absurd and illogical. As such, the only reason for such a lopsided docket is that the Judges are protecting themselves by protecting the Banks and their future retirement. There can be no other reason for some of the outrageous rulings on straightforward matters and the lack of equality homeowners face, mainly pro-se homeowners, and are treated in the federal forum with disdain.

Indeed, there are two circumstances in which a federal Judge is ordinarily expected to recuse himself under 28 U.S.C. § 455. Under § 455(a), recusal is mandatory in "any proceeding in which his impartiality might reasonably be questioned." The fact that the Court owns equity in financial institutions and is invested in mortgage-backed securities as demonstrated above, any federal Judges impartiality might be reasonably be questioned and rightly so. This screams of bias and impartiality.

Under § 455(b), a judge is expected to disqualify himself whenever any of the five statutorily prescribed criteria can be shown to exist in fact; even if no motion or affidavit seeking such relief has been filed, and regardless of whether a reasonable person would question the judge's impartiality. Pursuant to 28 U.S.C. §455 (b) (4), a judge must disqualify himself if he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, **has a financial interest in the subject matter in controversy**, or in a party to the proceeding, or any other interest that could be substantially affected by its outcome. (emphasis added)

The fact is that all federal Judges have a financial interest in the subject matter of this case as it involves financial institutions and a securitized mortgage of which the Judges are dependent for the security of the future retirements. Any adverse rulings against the Banksters and the secondary mortgage market participants would adversely affect a federal Judges future. That is why there has been no correction in the federal forum against the Banksters. In reality, the largest criminal securities fraud scheme was unleashed on our society when the Gramm Leach Bliley Act of 1999 went into effect in 2000 that took the handcuffs of the financial criminals and deregulated the banking industry allowing them to rape and pillage not only America but the globe. The Ponzi scheme that is asset-backed securitization economically destroyed the most prosperous nation on the Globe. The DOJ has the same pension plan ergo, no criminal prosecutions for the greatest theft of wealth in the annuls of the world.

We have a 1st Cir. Court of Appeals Judge, who's name shall not be mentioned, that owns a Real Estate Investment Company who regularly sits on these matters which is outrageous. No one knows this fact of course, but look and ye shall find. Most federal Judge's financial statements read like Wall Street Playbooks.

Accordingly, these are the facts, and they are irrefutable. Thus, the next question is would a federal Judge throw the integrity of the judicial system down the toilet to protect themselves. Yet that is not the Question. The question is, does the fact that approximately 49 % of federal Judges Retirements rely on the soundness and prosperity of the financial industry and the secondary mortgage market asset securitization, and would a Judge protect that interest by ruling in favor of the Banksters, and would a reasonable person say yes, he/she would and does.

The appearance of impartiality is unquestionable and the facts listed above smack in the face of bias and impartiality. "The circumstances that mandate disqualification of federal judges are defined in 28 U.S.C. § 455, 2 but the statute does not prescribe a specific remedy. Rather, when deciding whether to vacate a judgment or order for violation of § 455(a), a court should consider: (1) "the risk of injustice to the parties in the particular case"; (2) "the risk that the denial of relief will produce injustice in other cases"; and (3) "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864 (1988). The appearance of partiality carries the risk of undermining the public's confidence in the judicial process. *Shell Oil Co. v. United States*, 672 F.3d 1283, 1294 (Fed. Cir. 2012) (finding that judge's failure to recuse himself from entire action on grounds of financial interest was not harmless error because of the risk of undermining the public's confidence in the judicial process).... Given the Federal Circuit's strict application of disqualification requirements in Shell Oil, supra, Plaintiff's counsel raises the specter of incurring the time and expense to pursue this case to completion, only to have the appellate court rule that the case must begin anew. Thus, the safest course is to vacate Judge Braden's substantive orders because "justice must satisfy the appearance of justice." *Liljeberg*, 486 U.S. at 864. So that no questions remain about the appearance of Judge Braden's partiality, as unlikely as that possibility seems, the Court

chooses to start with a clean slate. Accordingly, Plaintiff's motion to vacate is GRANTED. As the Court discussed with counsel at the close of oral argument, Plaintiff shall file forthwith its third amended complaint, after which Defendant shall respond to the complaint with an answer or motion as it deems appropriate." *DEMODULATION, INC. v. US*, No. 11-236C (Fed. Cl. Feb. 10, 2014)

In the above case, Judge Braden was required to recuse herself and did do so when no waivers were filed. However, before the Judge recused, she issued two orders, one of dismissal and one for partial summary judgment; both were vacated.

Therefore, because there is the appearance of impartiality, and because a large part of a Judges future is at stake by an adverse ruling against the banks', no federal Judge may sit on a foreclosure matter where it involves a securitized mortgage under 28 U.S.C. §455 (b) (4) and this Honorable Court is required to disqualify the Court from entertaining this fraudulent foreclosure matter, and this matter should be dismissed forthwith and sanction meted out to Longoria for this unlawful foreclosure attempt. The Court is mandated to recuse itself from this matter and as this current action is barred based on fraud and the doctrine of Res Judicata, and the Statute of Limitations, the matter should be dismissed with prejudice.

## IV.   CONCLUSION

**WHEREFORE**, based on the foregoing and the fact that above all else, there has never been a default by the Defendants on any loan payment that was due as falsely claimed by Longoria, and the Defendants Diane E. Kelley and Lance A. Kelley, respectfully moves the Court to **dismiss this action with prejudice** and issue an order to show cause why sanction should not enter against Longoria, refer her to the Maine BBO for disbarment or other

appropriate sanction against her and, further, that she and her firm be barred from practice in federal Courts so she can no longer ply her tactics on American Citizens for a profit.

Respectfully submitted

*/s/ Diane E. Kelley*
Diane E. Kelley, pro-se

Dated: February 21, 2022

*/s/ Lance A. Kelley*
Lance A. Kelley, pro-se

59 Stark Ave
Wakefield, MA 01880
781-858-3049

## CERTIFICATE OF SERVICER

I hereby certify that on February 22, 2022, I served the foregoing document and attachments with the United States District Court of Maine by sending the same by US Mail . I certify that counsel of record was served electronically by e-mail on February 21, 2022, and US Mail, on February 22, 2022, by sending the same to: Reneau Longoria, 100 Cummings Center, Suite 225D, Beverly, MA 01915, rjl@dgandl.com

*/s/ Diane E. Kelley*
Diane E. Kelley, pro-se

*/s/ Lance A. Kelley*
Lance A, Kelley, pro-se