UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: 2:21-cv-00314-JAW |
| Plaintiff | PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, MOTION TO STRIKE, AND REQUEST FOR A "COK" WARNING |
| vs. | RE: <br> 16 A & B Blacksmith Road, Wells, ME 04090 |
| **Diane E. Kelley and Lance A. Kelley** | Mortgage: <br> May 10, 2007 |
| Defendants | Book 15159, Page 397 <br> York County Registry of Deeds |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through undersigned counsel, and files this, its Opposition to the Defendants', Diane E. Kelley and Lance A. Kelley, Motion to Dismiss filed on February 24, 2022, at Document No. 11, as well as its Cross-Motion to Strike and issue a "Cok" warning to the Defendants.

### I.     INTRODUCTION: PRO SE STATUS OF DEFENDANTS

The Defendants are *Pro Se* by their own choice. However, as Judge Levy wrote in *U.S. Bank, N.A., Trustee v. King,* 1:19-cv-00119-JDL, 2020 WL 3064423 at *2 (D. Me. June 9, 2020) "that does not give [them] license to submit "groundless and inappropriate filings" to the Court. *D'Amario v. United States,* 251 F.R.D. 63, 64 (D. Me. 2008) "[F]rivolous filings waste judicial resources and unnecessarily delay the resolution of matters within this Court's jurisdiction," c*iting Adams v. Adams,* No. 1:17-cv-00200-GZS, 2019 WL 2814627, at *1 (D. Me. July 2, 2019). As outlined below, this particular filing warrants the Court providing a *Cok* warning to the Defendants that further filings of this nature will result in an Order restricting their ability file further pleadings in this action. *See, Cok v. Family Court of R.I.,* 985 F.2d 32, 35-36 (1st Cir. 1993).

## II.     MOTION TO DISMISS ARGUMENT AND AUTHORITIES

Styled as a Motion to Dismiss, the Defendant's Motion including references throughout to off the record materials, is closer to a Motion for Summary Judgment. If reviewed as a Motion to Dismiss, the Court must interpret all factual allegations in the Complaint as true, and the reasonable inferences therefrom, and the Court should find that the Complaint has been sufficiently pled to fully justify the issuance of a Judgment of Foreclosure and Sale. *See, eg, Ocasio-Hernandez v. Fortuno-Burset,* 640 F.3d 1, 12 (1st Cir 2011), *Snyder v. Tablot,* 836 F. Supp. 26 (D. Me 1993) "The relevant question…in assessing plausibility is not whether the complaint makes any particular allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible" *Rodriguez-Reyes v. Molina-Rodriguez,* 711 F.3d 49, 55 (1st Cir 2013) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 n. 14). Since the Complaint satisfies all of the criteria as outlined under *Higgins,* the Defendants motion should be denied. *See Chase Home Finance LLC v. Higgins,* 2009 ME 136, 985 A2d 508 (2009).

## III.    SUMMARY JUDGMENT ARGUMENT AND AUTHORITIES

Defendants' motion, without any attempt to provide an adequate basis in law or fact, nor appropriate support, as required under the Federal Rules of Civil Procedure, should also be denied if the Court proceeds to review under a Summary Judgment analysis. Summary Judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R. Civ. P. 56(a). The moving party must demonstrate that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). For the movant to prevail, it must demonstrate that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. Such proofs are normally found with specific facts shown through affidavits, admissions, answers to interrogatories and depositions. *Id*.

Defendants present several irrelevant, baseless arguments outside the scope of the present pleadings but, presents none of the required proofs in their Motion and, therefore, under a Summary Judgment analysis their Motion should be denied and, as set forth below, struck from the record.

## IV. MOTION TO STRIKE ARGUMENT AND AUTHORITIES

Rule 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The application of the rule to the "legally insufficient" standard is case-specific as explained by Judge Carter in *Johnson v. Chrysler Corp.* 187 F.R.D. 440, 441 (D. Me 1999). "It is appropriate for the court to grant a 12(f) motion to strike a defense *only if* the defense is legally insufficient and presents no question of law or fact that the court must resolve".) *Id.* While Fannie Mae acknowledges that it faces a high bar in this Circuit with respect to Rule 12(f) and its application to the instant Motion, it has been noted that "the disfavored character of Rule 12(f) is relaxed somewhat" to protect the person who is the subject of the challenged allegations, "especially when the subject of the allegations is the integrity of the judiciary" *Barth v. United States,* No. 2:18-cv-00201-JAW, 2018 WL 5893845, at *3 (D. Me. Nov. 5, 2018).

Judge Levy explained in *US Bank Trust, N.A. v. King,* 1:19-cv-00119-JDL (ECF 53) "A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *citing McGlauflin v. RCC Atl. Inc.,* 269 F.R.D. 56, 58 (D. Me. 2010), . . . "Likewise, a matter is 'impertinent' if it 'consists of statements that do not pertain, and are not necessary, to the issues in question,' *citing Burnett v. Ocean Props Ltd.,* No. 2:16-cv-00359-JAW, 2017 WL 1331134, at *7 (D. Me. Apr 11, 2017)(quoting *Ashey v. Lily transp. Corp.,* No. 01-57-B-S, 2001 WL 705804, at *1 (D.Me. June 18, 2001))." Fannie Mae respectfully submits that the Defendants' pleading is immaterial, impertinent, and scandalous.

As illustrated below, the instant Motion to Dismiss is replete with allegations and defenses

that are insufficient as a matter of well-settled law, as well as irrelevant and prejudicial. Accordingly, "winnowing out legally insufficient defenses by granting a motion to strike may help clarify the issues in dispute and avoid prejudice to the plaintiff arising out of its obligation to respond to meritless defenses." *United States v. Kennebec Scrap Iron, Inc.,* Civil Action No. 16-CV-191-GZS, 2016 WL 6651302, at *2 (D.Me 2016), *citing New York v. Am. Elec. Power Serv. Corp.*, Nos. 2:04 CV 1098, 2:05 CV 360, 2006 WL 1331543, at *1 (S.D. Ohio Mar. 21, 2006)("Such a motion is also proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.") (internal quotation marks omitted).

The Defendant's Motion, even for a *pro se* party, is full of vexatious, harassing and outrageous statements and accusations leveled against the Plaintiff, Federal National Mortgage Association (hereinafter "Fannie Mae"), its' counsel and this Court. These statements are so beyond the pale that they must be struck by the Court. Numerous unsubstantiated accusations of alleged fraud, without a scintilla of support anywhere to be found in the document, cannot be tolerated by the Court. Any factual allegations contained therein are completely unsupported.

The Defendants' fraud claims should also be stricken because they are not pled with any specificity or detail, as required under Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." In order to comply with Rule 9(b), the Defendant must specifically plead the who, what, where and when of the alleged fraud. *Alternative System Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004); *see also Equip. & Sys. for Indus., Inc. v. Northmeadows Constr. Co., Inc.*, 59 Mass. App. Ct. 931, 931-932, 798 N.E.2d 571, 573-574 (2003). This heightened pleading standard not only provides parties with adequate notice of the claim and an opportunity to provide a meaningful response, but also protects parties from baseless claims of fraud, "'strike suits,'" and discourages the filing of suits in the hope of turning up relevant information during discovery." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d

226, 228- 229 n. 2 (1st Cir. 1980); *New England Data Services, Inc. v. Becher*, 829 F. 2d 286, 288 (1ˢᵗ Cir. 1987).

It is also irrelevant that there was a prior foreclosure action that was, as admitted in the Defendants filing, dismissed *without prejudice and never appealed.* The allegation, is in fact a variation of the *Rooker-Feldman Doctrine* where this Defendant, displeased with the state court's dismissal without prejudice now seeks to have that ruling overcome in the Federal Court. *See Galibois v. Fisher,* 174 Fed. Appx 579, 580-581 (1ˢᵗ Cir 2006).

No connection has been shown, nor can there be, of a connection between the Mortgage Electronic Registration System and Fannie Mae which would somehow place this particular loan into any kind of securitized trust despite the Defendants' numerous baseless assertions that the loan is presently in a trust (REMIC or otherwise).  Moreover, whether the loan is or is not in a trust is irrelevant and even if there were a trust involved, with a national association acting as Trustee, the proper party would be the national association not the certificate holders. *See, 1900 Capital Trust III by U.S. Bank National association v. Sidelinger,* 2:19-cv-DBH, Document 88, pages 5-6 (Judge Hornby rejecting the Defendant's Motion to Dismiss on the same grounds). To be clear the proper Plaintiff in this matter is Fannie Mae and Fannie Mae is entitled to a Judgment of Foreclosure and Sale.

The arguments concerning case or controversy are likewise without merit.  The basis of this lawsuit is clear: the Defendants have failed to make payments on their valid obligations under the subject Note and Mortgage attached to the Complaint and Fannie Mae is entitled to a Judgment of Foreclosure and Sale and possession of the secured property, thereby constituting a cause in controversy.

The Defendants, on multiple occasions, either raise red herrings or plainly misstate the law in an attempt to deflect from the primary issues of the loan being granted, held and owned by Fannie Mae and defaulted upon by the Defendants. Title and standing are clearly established through the

assignments attached to the Complaint and adheres to the requirements of *Higgins, Greenleaf* and their progeny. *Chase Home Finance LLC v. Higgins,* 2009 ME 136, 985 A2d 508. This has been confirmed by the Law Court. The filing of an assignment from the Mortgage Electronic Registration System does not forever doom the chain of a mortgage title. *U.S. Bank v. Gordon,* 2020 ME 33; 227A.3d 577 (2020). There is no trust involved to be named, and the certificate holders of an uninvolved trust are, once again, irrelevant.

A partial list of incendiary words used by the Defendants throughout the pleading which justify striking the pleading in its entirety include "foreclosure slaughterhouse" (page 1),"Bankster Lawyers" (page 3, 4, 5, 9), "treacherous actions" (page 3), "bogus trusts" (page 4), "securities fraud" (page 4), "dirty rotten filthy hands" (page 5), "treachery" (page 5), "caught red-handed altering and forging an endorsement" (page 6), "they should be criminally charged for destroying the Note Contract and then counterfeiting one" (page 6), "Federal Courts do not care about such fraud and to bring it back in state court, she might wind up in prison" (page 7), "Longoria lies to the Court" (page 8), "Courts let them get away with murder" (page 9), "toxic garbage" (page 10), "perpetuating the same violations and fraud" (page 13), "Longoria, an officer of the Court, if that is what you would call her" (page 16), "lying to and misleading the Court" (page 16), "BOA's Lawyers pulled a fast one and the Court allowed it" (page 16), "Longoria's fraudulent ploy" (page 17, "BOA's lawyers got away with this underhanded tactic" (page 16, 18) "deregulated the banking industry allowing them to rape and pillage not only America but the globe" (page 21) and attempts to threaten Plaintiff's counsel with disbarment which cannot be condoned by this Court.

In addition to striking this pleading, and in light of the egregiousness of the statements contained herein, the Plaintiff requests this Court issue a "Cok" warning to the Defendants that further pleadings of this nature will not be permitted. *See COK v. Family of Rhode Island*, 985 F. 2d 32 (1st Cir. 1993); *In re Murphy,* 598 F. Supp. 2d 121, 125 (D. Me. 2009). and *U.S. Bank Trust v. Moore*,

2022 WL 474702 *8 (D. Me. 2022).

Further, the baseless allegation that somehow this Court has a financial interest in this loan is nonsensical. The Court is well aware of its' judicial responsibilities, and nothing alleged in the Defendant's "Alice-In -Wonderland" characterizations of the role of the Federal Retirement Plan justifies the recusal of this Court. Defendants freely admit their argument has no basis in their cited Supreme Court's 2021 Year-end Report. The accusation that this Court would somehow be influenced in this matter is beyond the pale and ludicrous. Defendants emphasize this argument by characterizing, without any basis, or specificity, that the Federal Court's rulings are "outrageous" and that the Court treats homeowners with "disdain". In fact, the Defendants do not point to a single case where a Federal Judge has recused him or herself based upon any supposed investments by the Federal Pension Plan. The inclusion of this prejudicial argument further supports the cross-motion to strike.

When it comes to the issues of Statute of Limitations and *Res Judicata*, the Defendants, at best, misstate the law. The Statute of Limitations in Maine for enforcement of a Note executed under seal (which this one was on May 10, 2007) is twenty (20) years not six as stated by the Defendants (*See* Title 14, § 751). *Res Judicata* simply does not apply in this situation since, as the Defendants acknowledge in their filing, the previous state court action was dismissed without prejudice. Defendants could have appealed that ruling, but there is no indication that they did so at that time. The inclusion of this baseless argument further supports the cross-motion to strike.

The Defendants further mislead the Court in their statements concerning their bankruptcy. They filed a Chapter 7 bankruptcy in the United States Bankruptcy Court, District of Massachusetts under Docket Number 13-17363. Defendants state "the Banks failed to appear to bring any claims they may have had and those claims are waived". In addition to such a waiver not being in conformity with the Note and Mortgage, the statement is untrue. Specifically, on March 19, 2014,

Bank of America, the holder of the note and mortgage at that time, filed a Motion for Relief from Automatic Stay so that it could enforce its' rights under the Note and Mortgage (ECF 32) and in fact it was the Defendants who made no responsive pleading to that Motion leading to the Court granting the Motion on April 3, 2014 (ECF 37). There is no requirement that a lender bring an adversary Complaint for Foreclosure and Sale within a Bankruptcy. Plaintiff requests the Court take judicial notice of the filing and Court Order. Defendants also appear to argue that their filing of bankruptcy somehow accelerated the loan. There is no rational basis for that proposition. It is the lender that accelerates the payment of a loan, which is not a right belonging to the debtors. To the extent that this argument pleads some form of Judicial Estopple, it is also without merit as a matter of law. *See In re Buscone,* 634 B.R. 152 (2021).

In an attempt to, at best, further muddy the waters, Defendants then press an argument of presentment under the Uniform Commercial Code. This argument, like so many others raised by the Defendant, lacks a scintilla of relevance, legal or factual basis. Even a cursory review of the subject Note reveals that in Paragraph 10, the Defendants waived the rights of Presentment and Notice of dishonor. The inclusion of this spurious argument further supports the Motion to Strike.

In light of the fact that the Defendants have not made a single loan payment in over a decade, the suggestion that they have been somehow affected by actions of third parties in Europe concerning their interest rate index strains credulity.

The Defendants do not, and cannot, claim that this property in their principal residence. They represented in both their Bankruptcy filings and Declaration of Homestead, and Fannie alleges in its' Complaint, that the Defendants reside in Wakefield Massachusetts. This uncontroverted fact renders their HAMP argument from 2011, from a time and factual perspective, moot.

The Uniform Commercial Code as adopted in Maine is clear that the indorsement signature

is valid. In Maine, for signature on indorsement Title 11, § 3-1201(2) states "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." *See also Chartier v. Farm Family Life Insurance Co. et. al.,* 2015 ME 29, 113 A.3d 234 (2015). Hearsay evidence, unsupported in the record, of what may or may not have happened in prior litigation is utterly irrelevant since that litigation ended with the matter being dismissed without prejudice.

While the Defendants "will not give credence" to assignments in the record mortgage title, as outlined in the well pled Complaint (with copies of the various assignments attached), it is clear that Fannie Mae has record title ownership of the mortgage and is entitled to a Judgment of Foreclosure and Sale.

The Lost Note Affidavits, as attached to the complaint, comply with the Uniform Commercial Code as adopted in Maine and indicate that the original Note was confirmed as lost in March, 2016 by both Seterus, Inc. and The Bank of New York Mellon Trust Company, N.A. as custodian and agent for the Plaintiff. The copies of the Note attached to each match exactly. Title 11, § 3-1309 specifically provides for the enforcement of a lost, destroyed or stolen instrument, and despite Defendants' claims, it is clearly immaterial how or why the Note is unavailable. Both affidavits are part of the business records of the current servicer of this loan and are admissible in evidence under Rule 803(6) of the Federal Rules of Evidence. The Defendants misquote paragraph 9 of the complaint which clearly references both Lost Note Affidavits and the entities which executed them.

Foreclosure mediation under the Maine Foreclosure Diversion Program is only available for "owner-occupied residential property" (Title 14, § 6321-A of the Maine Revised Statutes). The debtor's bankruptcy filing reflects that the Defendants reside in Massachusetts and the complaint alleges their Massachusetts residency at Paragraphs 5 and 6. Mediation is simply not available to the Defendants and any argument concerning mediation is merely a red herring meant to distract the

Court and delay this matter.

      The Plaintiff requests Oral Argument on Defendant's Motion to Dismiss.

      WHEREFORE based on the foregoing, the Plaintiff respectfully requests the Court deny the Motion to Dismiss, Strike the Motion to Dismiss and issue a "Cok" warning.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | The Plaintiff,<br>By its attorneys |
| Dated: March 17, 2022 | /s/ Reneau J. Longoria, Esq.<br>Reneau J. Longoria, Esq., Bar No. 5746<br>Attorney for Plaintiff<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center, Suite 303C<br>Beverly, MA 01915<br>(978) 921-2670<br>RJL@dgandl.com |

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 17th day of March, 2022, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

*Lance A. Kelley
59 Stark Avenue,
Wakefield, MA 01880

*Diane E. Kelley
59 Stark Avenue,
Wakefield, MA 01880

CC. Robert Marley
via Email

- DK 11 provides for service of the Defendants at this address