UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Federal National Mortgage Association, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Diane E. Kelley, et al. )<br>)<br>Defendants. ) | 2:21-cv-00314-JAW |

**STATUS ORDER**

Although the Complaint in this foreclosure case was filed on November 3, 2021, the case has quickly become complicated by multiple pro se and attorney-in-fact filings. The Court is issuing this order to clarify the status of the docket to avoid unnecessary confusion and to allow the case to proceed.

The Plaintiff Federal National Mortgage Association (FNMA) filed its foreclosure complaint on November 1, 2021 against Diane E. Kelly and Lance A. Kelley. *Compl.* (ECF No. 1). On February 2, 2022, when FNMA failed to file timely proof of service of process on Mr. and Ms. Kelley, the Court issued an order to show cause as to why the case should not be dismissed for failure to perfect service of process. *Order to Show Cause* (ECF No. 6). On February 16, 2022, FNMA responded to the order to show cause and the same day filed two fully executed summonses, demonstrating service of process on February 1, 2022 on Mr. and Ms. Kelley in Wakefield, Massachusetts. *Resp. to Order to Show Cause* (ECF No. 7); *Summons in a Civil Action* (ECF No. 8); *Summons in a Civil Action* (ECF No. 9). On February 16, 2022, the Court dismissed the order to show cause. *Order Terminating Order to Show*

*Cause* (ECF No. 10). At that point, Mr. and Ms. Kelley were required to file answers to the foreclosure complaint by February 22, 2022.

On February 24, 2022, Mr. and Ms. Kelley, acting pro se, filed a motion to dismiss the complaint and a recusal motion. *Def. Diane and Lance Kelley's Mot. to Dismiss Fed. Nat'l Mortgage Ass'n's Above Captioned Compl. for Foreclosure and Mot. for the United State[s] District Court to Recuse Itself from this Action* (ECF No. 11). On March 17, 2022, FNMA filed an opposition to the motion to dismiss, a motion to strike, and a request for a so-called *Cok* order. *Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, Mot. to Strke, and Req. for a "Cok" Warning* (ECF No. 12).

In the background, not yet evidenced by the docket, is the role of Robert P. Marley. On March 28, 2022, Mr. Marley, who is not an attorney, filed a Pro Se ECF Registration form with the Court, referring to himself as attorney-in-fact for Mr. and Ms. Kelley. On March 29, 2022, the Deputy Clerk wrote a letter to Mr. Marley, citing 28 U.S.C. § 1654, and informing him that under the law, parties may represent themselves or be represented by an attorney at law but may not be represented by a non-lawyer. Thus, any further correspondence or court filings had to come either from the Kelleys or from an attorney representing them.

On March 31, 2022, the Clerk of Court received a cover letter from Mr. Marley, asking that a motion be docketed and filed in this case. In the cover letter, Mr. Marley enclosed a motion dated March 28, 2022 and is entitled *Defendant's Motion to Withdraw Motion to Dismiss and Motion to Recuse*. Mr. Marley signed the motion:

"Robert P. Marley, on behalf of, Diane and Lance Kelley, as their Attorney-in-fact." *Id.* at 5.

> Section 1653 of title 28 provides:
>
> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Under the clear terms of the law, Mr. Marley is not authorized to represent Mr. and Ms. Kelley in this foreclosure civil action and therefore, Mr. Marley's filings are not effective and may not be permitted. To provide a record on the docket for the Court's order, the Court directs the Clerk of Court to docket Mr. Marley's filings and, once docketed, the Court strikes each of those unauthorized filings. To be precise, the Court STRIKES the following: 1) Mr. Marley's cover letter dated March 31, 2022, and 2) the motion to withdraw motion to dismiss and motion to recuse.

With the striking of these documents, the status of the case is:

1) Foreclosure Complaint filed November 1, 2021;

2) Foreclosure Complaint served on both Diane Kelley and Lance Kelley on February 1, 2022;

3) The Kelley Motion to Dismiss and Motion to Recuse filed on February 24, 2022; and

4) The FNMA Response to the Kelley Motion to Dismiss and Motion to Recuse filed on March 17, 2022.

The Kelley motion to dismiss and motion to recuse remain effective because they were signed by the Kelleys as pro se defendants. By contrast, the Marley withdrawal of

the motion to dismiss and motion to recuse is not effective because Mr. Marley signed the withdrawal and Mr. and Ms. Kelley did not.

In light of the Court's clarification that Mr. Marley's filings are not appropriate, the Court issues the following orders to allow for the proper disposition of the matters now pending. The Kelleys' motion to dismiss and motion to recuse are still pending in this case, because Mr. Marley does not have the legal right to withdraw the Kelleys' motion for them. If the Kelleys do not wish to proceed with pending motions to dismiss and recuse, the Court will grant the Kelleys two weeks of the filing of this order to inform the Court that they do not wish to proceed with the pending motions. If the Kelleys do not respond to this order within two weeks or if they inform the Court that they wish to proceed with the dismissal motion, the Court will consider the motions to dismiss and recuse to have been place under advisement and will issue an order on the merits of those motions. The Court dismisses without prejudice FNMA's motion for a *Cok* order because the Court is uncertain whether the Kelleys wish to proceed with the motion and, if so, the Court has not yet ruled on the merits of those motions.

**SO ORDERED.**

Dated this 1st day of April, 2022

>/s/ John A. Woodcock, Jr.
>JOHN A. WOODCOCK, JR.
>UNITED STATES DISTRICT JUDGE