# MASSACHUSETTS LAWYERS WEEKLY

masslawyersweekly.com

Volume 40
Issue No. 31
$9.00 per copy
March 19, 2012

THE DOLAN COMPANY

## The other Bob Marley

### This one's making his name as a pro se foreclosure 'expert'

By David E. Frank
david.frank@lawyersweekly.com

It's 11 a.m. on a Tuesday and carpenter Bob Marley is on the phone, hammering away on the case of Dawn Surette, a Tewksbury mother of three who has fallen behind on her mortgage payments with Bank of America.

Marley tells the bank's lawyer that the foreclosure notice on Surette's property is invalid due to a broken chain of title.

Before ending the call, he warns the attorney, Neil W. Helger of the Harmon Law Group, that the bank has an hour to halt the foreclosure or Marley will report the violation to the FBI, the attorney general and the Division of Banks.

"Dawn's a single lady trying to raise her family, and they want to discard her like yesterday's garbage," he tells Lawyers Weekly. "That ain't happening on my watch."

Marley's working out of his Lynnfield home office, a space filled with files containing stories similar to Surette's. He often spends up to 14 hours a day in the room over the garage, talking to banks and lawyers on behalf of homeowners victimized by the mortgage crisis.

"He's got a way of breaking it all down in plain English," Surette says. "The success he's had gave me a sense of hope that my foreclosure was going to be stopped."

Continued on page 25

## Landlord can't seek damages until lease ends

### Must wait for expiration in 2018

By Eric T. Berkman

A commercial landlord whose tenant broke a 12-year lease after only 24 months could not seek damages until the expiration of the entire lease term, the Appeals Court has decided.

A Superior Court judge had ruled that the landlord could immediately collect the difference between the rent that it would have received over the term of the original lease and what it would receive under a lease it subsequently signed with a replacement tenant. The judge's reasoning was that the traditional bar to recovery, under an indemnity provision, until the original lease expires does not apply when a landlord re-leases the premises. But the Appeals Court reversed.

FALBY
Attorney for defendant tenant

The full text of the ruling in 275 Washington Street Corp. v. Hudson River International, LLC, et al. can be found at masslawyersweekly.com.

"We are cognizant of the concerns raised by [the] long-established rule … given the possible intervention of factors, presently unknown, that make the determination of damages uncertain at the present," Judge Francis R. Fecteau wrote for the court. "However, given the present state of the law and the specific terms of the contract to which parties of equal bargaining power agreed, we are constrained … to deny recovery to the landlord under the indemnification clause of this lease."

The 17-page decision is 275 Washington Street Corp. v Hudson River International, LLC, et al., Lawyers Weekly No. 11-038-12. The full text of the ruling can be found at www.masslawyersweekly.com

**Benefit of the bargain**

Bruce E. Falby of DLA Piper in Boston, who represented the defendant tenant, said the Appeals Court simply applied "settled law" that limits a landlord's options, after

Continued on page 27

## Bankruptcy judge to have last word on $230M arbitration award

By Shira Schoenberg

A federal judge will decide whether to uphold a $230 million arbitration award next month in a breach-of-contract suit involving a local ethanol-production company forced into bankruptcy.

Arbitrators in Boston last summer found that Getty Petroleum Marketing breached an agreement to purchase ethanol from Quincy-based Bionol Clearfield.

Bionol's counsel, Anthony A. Bongiorno of McDermott, Will & Emery in Boston, said such cases are the result of the changing scope of the energy marketplace.

Commodity prices have plummeted dramatically over the last few years, he said, prompting lawyers in Massachusetts and across the country to handle more and more matters involving hundreds of millions of dollars.

"What's happening is that energy-producing assets that were valued based on higher prices for natural gas and ethanol four to five years ago are seeing a precipitous drop in their valuation," he said. "Accordingly, disputes are arising, bankruptcies are occurring, and there's a lot of money at issue in all of these matters that are getting sorted out in arbitration and litigation."

Bionol filed for Chapter 7 bankruptcy and closed its Pennsylvania ethanol plant days before the arbitration decision was released.

Getty Petroleum, based in East Meadow, N.Y., meanwhile, filed for Chapter 11 in U.S. Bankruptcy Court in the Southern District of New York last De-

BONGIORNO
Represents local ethanol company

crashed, largely due to a dispute with its landlord over rent and environmental remediation. Bionol is its largest unsecured creditor.

When Getty hired Boston's Harry L. Manion III of Cooley, Manion, Jones to defend it in the litigation, the parties agreed to conduct the arbitration in Massachusetts.

"But with Getty's bankruptcy pending in the Southern District of New York, the confirmation proceedings are playing out in New York," Bongiorno said.

Petitions from both sides — to vacate and con-

Continued on page 27

## IMPORTANT OPINIONS OF THE WEEK

**Employment | Accommodation**
When analyzing whether an employer provided a reasonable accommodation, a court should take a "totality of the circumstances" approach and consider if a combination of accommodations provided by the employer was reasonable, the 1st U.S. Circuit Court of Appeals says. page 8

**Search and seizure | Voluntariness**
Statements a defendant made to law enforcement officers after they found a number of guns should be suppressed because the statements were prompted by an officer's false threat to arrest the defendant's mother for possessing the weapons, a U.S. District Court judge concludes. page 9

**Bankruptcy | §523(a)(6)**
A state-court judgment against a debtor should not have been excepted from discharge under 11 U.S.C. §523(a)(6), as the record does not establish that all elements of the plaintiff's §523(a)(6) claim were finally determined in the state court litigation, the Bankruptcy Appellate Panel holds. page 13